AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

*May 26, 2021*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Western Digital external hard drive currently located at<br>the Homeland Security Investigations office at 601<br>Rosenberg Avenue, Galveston, TX 77550 | )<br>)<br>)<br>)<br>)<br>) | Case No. **3:21-mj-150** |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the _____ Southern _____ District of _____ Texas _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 USC § 2252A | Certain activities relating to material constituting or containing child pornography |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Santiago Luna, Jr., HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date: 5-26-21

_____
*Judge's signature*

City and state: Galveston, Texas

Andrew M. Edison, US Magistrate Judge
*Printed name and title*

# ATTACHMENT "A"

## DESCRIPTION OF ITEMS TO BE SEARCHED

ITEM #1:

A black Western Digital (WD) external hard drive, bearing serial number WCAVU0214451, located at the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, Homeland Security Investigations, 601 Rosenberg Avenue, Suite #201, in Galveston, Texas 77550.

 

# ATTACHMENT "B"

## ITEMS TO BE SEARCHED FOR AND SEIZED

1. Evidence and contraband concerning the violation of Title 18, United States Code, Section 2252A, as follows:

    a. all files that depict digital photographs, videos and all visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(8), or pertaining to a sexual interest in children;

    b. saved data referring to, or including, email messages and/or accounts and their contents;

    c. saved data and/or files referring to the history of visited websites;

    d. stored or saved SMS/MMS messages and attached multimedia files;

    e. Cloud storage and backup files;

    f. Installed programs and/or applications;

    g. Files that have been "hidden," erased, compressed, password protected, coded or encrypted;

    h. Any deleted data.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | |
| **SEARCH OF THE FOLLOWING:** | § | **CASE NUMBER:** |
| | § | |
| **Western Digital external hard drive encased with a** | § | **3:21-mj-150** |
| **black cover currently located at the Homeland Security** | § | |
| **Investigations office at 601 Rosenberg Avenue,** | § | |
| **Galveston, Texas 77550** | § | |

## <u>AFFIDAVIT</u>

I, Santiago Luna, Jr., being duly sworn, depose and state:

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), assigned to the Homeland Security Investigations (HSI) office in Galveston, Texas. I have been so employed since September 1998. As part of my duties as an HSI Special Agent, I investigate criminal violations related to child exploitation and child pornography, including violations pertaining to online extortion and/or stalking, adults attempting to meet with juveniles for sexual encounters and the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. 2422(b), 2423, 2251, 2252, 2252A and 2261A(2). I have received training in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I have participated in the execution of numerous search warrants and covert operations involving child exploitation and the online solicitation of minors, many of which involved child exploitation and/or child pornography offenses. I am in routine contact with experts in the field of computers, computer forensics, and Internet investigations. I annually attend the Dallas Crimes Against Children Conference where I attend various investigative training. I am currently a member of the Houston Metro Internet Crimes Against Children

Task Force. This task force includes prosecutors and members of multiple police agencies across the southeast/coastal Texas and Houston metro regions.

2. This Affidavit is being made in support of an application for a warrant to search the following item:

(i) Western Digital (WD) external hard drive; Serial Number: WCAVU0214451

The aforementioned item (hereafter the SUBJECT PROPERTY) is currently being held as evidence within the Homeland Security Investigations (HSI) Galveston Offices, 601 Rosenberg Avenue, Galveston, Texas.

3. I am familiar with the information contained in this Affidavit based upon the investigation I have personally conducted and based on my conversations with other law enforcement officers involved in this investigation, or who have engaged in numerous investigations involving child exploitation and pornography. Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violation of Title 18 United States Code Section 2252A(a)(5)(B), which make it a crime to possess child pornography, are contained within the SUBJECT PROPERTY.

4. As a result of the investigation described more fully below, there is probable cause to believe that evidence of a crime, contraband, fruits of a crime, and other items illegally possessed in violation of federal law, including 18 U.S.C. § 2252A, et seq. are contained within the SUBJECT PROPERTY that was in the custody and control of Homeland Security Investigations in Galveston, Texas 77550.

**Statutory Authority**

5. This investigation concerns alleged violations of Title 18, United States Code, Section 2252A, which states

(a) Any person who—

(2) knowingly receives or distributes—

(A)   any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or

(B)   any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

(5)      (B)   knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

6.  Title 18, United States Code, Section 2256(8) defines "child pornography" as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A)  the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

(B)   such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

(C)  such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

7.  Title 18, United States Code, Section 2256(2)(A) defines "sexually explicit conduct" as actual or simulated--

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii) bestiality;

(iii) masturbation;

(iv) sadistic or masochistic abuse; or

(v) lascivious exhibition of anus, genitals or pubic area of any person.

## Underlying Investigation and Probable Cause

8. On July 12, 2018, in Galveston County, Ms. Ana Karen Astello and her attorney, Mr. Eric Little first met with SA Lee Erickson and SA DeWayne Lewis to discuss child pornography that she had found contained in the black Western Digital (WD) external hard drive owned by her husband, Juan Carlos TORRES-Castillo.

9. Ms. Astello stated that back in March 2017 or April 2017, she witnessed her husband watching a video of a 10-year-old male and a six-year-old female having sexual intercourse. The ages of the minor children are estimated by Ms. Astello—she has children of her own, close to those ages. Ms. Astello also remembered. from watching the video,  that the minor male child wore a blue shirt but no clothes on the bottom and the minor female child wore a pink dress or shirt, also with no clothes on the bottom.

10. Ms. Astello stated that her husband quickly clicked the illicit video off when he finally noticed that she was in close proximity to see what he was viewing.  She immediately went to the bathroom and locked herself in.  Later, she got the white laptop that was attached to the aforementioned WD hard drive and hid both pieces of equipment in the house.

11. At a later time, Ms. Astello returned the white laptop to her husband but not the WD hard drive. She hid the WD hard drive at her mother's house.  She never returned the WD hard drive to her husband.

12. Ms. Astello explained that she became familiar with the WD external hard drive because she used it to download family pictures from her camera to the WD hard drive via the white laptop.  Ms. Astello further explained that her husband used the white laptop and the WD external hard drive for his DJ music business and to sell Disney movies.  They had 'community-use' of the WD external hard drive while they were married however, when their divorce was finalized in January 2019, the WD external hard drive was awarded to the husband Juan Carlos TORRES-Castillo.

13. On August 9, 2018, Ms. Astello and her attorney, Mr. Little, turned over a black Western Digital (WD) external hard drive, bearing serial number WCAVU0214451, the SUBJECT PROPERTY,

to SA Erickson.  Ms. Astello informed SA Erickson that this was the WD external hard drive that contained child pornography.

14. The WD external hard drive was seized by SA Erickson and it was turned over to Galveston Police Department Detective Garrett Groce, a fellow member of the Houston Metro ICAC Task Force and a certified forensic examiner, on August 10, 2018.  He secured said hard drive until a search warrant would be completed for a forensic examination.

### Computers and Child Pornography

15. Based upon my knowledge, training, and experience in child exploitation and child pornography investigations, and the experience and training of other law enforcement officers with whom I have had discussions, computers and computer technology (including advances in smartphones, tablets and internet connectivity) have revolutionized the way in which children are exploited and how child pornography is produced, distributed, collected, stored and utilized. Advancements in cellular telephone technology, mobile applications and internet/wi-fi connectivity have furthered those revolutionary methods of exploitation.

16. Cellular telephones are routinely connected to computers to re-charge the batteries and synchronize the mobile telephone with their matching computer programs, or "applications," on the computer. Cellular telephones are connected to the user's computer to transfer, save or back-up files or to download files, programs or "applications" via the internet, as one would do for music or ring tones. Users connect their cellular telephones to their computer to save, or back-up, their content or upload those files via the internet to a virtual storage medium like the Verizon Cloud, Apple's iCloud or Dropbox, which allows users to access that content from any device with internet access, including their mobile device (cell phone) or another computer. People with a sexual interest in children have embraced these technologies in their efforts to exploit children, conceal their true identities, misdirect investigators, hide evidence and communicate with others with the same interests.

17.  Prior to the advent of computers and the internet, child pornography was produced using cameras and film, resulting in either still photographs or movies.  The photographs required darkroom facilities and a significant amount of skill in order to develop and reproduce the images.  As a result, there were definable costs involved with the production of images.  To distribute these images on any scale also required significant resources.  More recently, through the use of advanced smartphones, computer technology and the internet, producers, collectors and distributors of child pornography can instantly and remotely upload images into virtual storage, like in the iCloud or Dropbox, allowing them to operate almost anonymously.

18.  In addition, based upon my own knowledge, training, and experience in child exploitation and child pornography investigations, and the experience and training of other law enforcement officers with whom I have had discussions, the development of computers (including cellular telephones) and wi-fi technology has also revolutionized the way in which those who seek out sex with children and child pornography are able to obtain this information. Computers, and the modern "smartphone," allow simplified, often anonymous communication with persons far-removed from the solicitor.  They can communicate with others with similar interests or where laws against sex with children are more lax or less enforced.  They can also communicate directly with minor victims in a safe environment believing that their communications are anonymous. Cellular telephones and computers also serve four basic functions in connection with child pornography: production, communication, distribution, and storage.  More specifically, the development and advancement of smartphone, computer and internet technology has changed the methods used by those who seek to sexually exploit children and obtain access to child pornography in these ways.

19.  Producers of child pornography can now produce both still and moving images directly from a common video or digital camera, including cameras contained in the latest smartphones. A digital camera can be attached, using a device such as a cable, or digital images are often uploaded from

the camera's memory card, directly to the computer. Images can then be stored, manipulated, transferred, or printed directly from the computer. Images can be edited in ways similar to how a photograph may be altered. Images can be lightened, darkened, cropped, or otherwise manipulated. The producers of child pornography can also use a device known as a scanner to transfer photographs into a computer-readable format. As a result of this technology, it is relatively inexpensive and technically easy to produce, store, and distribute child pornography. In addition, there is an added benefit to the pornographer in that this method of production does not leave as large a trail for law enforcement to follow.

20. The internet allows users, while still maintaining anonymity, to easily locate (i) other individuals with similar interests in sex with children or child pornography; and (ii) websites that offer images of child pornography.  Those who seek to obtain images or videos of child pornography can use standard internet connections, such as those provided by businesses, universities, and government agencies, to communicate with each other and to distribute or receive child pornography.  These communication links allow contacts around the world as easily as calling next door.  Additionally, these communications can be quick, relatively secure, and as anonymous as desired.  All of these advantages, which promote anonymity for both the distributor and recipient, are well known and are the foundation of transactions involving those who wish to gain access to child pornography over the internet. Sometimes, the only way to identify both parties and verify the transportation of child pornography over the internet is to examine the recipient's computer, including the internet history and cache to look for "footprints" or "relics" of the websites and images accessed by the recipient.

21. Today's computer and smartphone capability to store images in digital form makes them an ideal repository for child pornography.  Almost any cellular telephone available today can store thousands of images and pages of text, just like a computer or compact disc.  The size of the electronic storage media (commonly referred to as a hard drive) used in home computers has

grown tremendously within the last several years.  Hard drives with the capacity of 500 gigabytes and larger are not uncommon.  These drives can store thousands of images at very high resolution. Magnetic storage located in host computers adds another dimension to the equation.  It is possible to use a video camera to capture an image, process that image in a computer with a video capture board and save that image to storage in another country.  Once this is done, there is no readily apparent evidence at the "scene of the crime."  Only with careful laboratory examination of electronic storage devices is it possible to recreate the evidence trail.

22. Computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a hard drive, deleted, or viewed via the internet.  Electronic files downloaded to a hard drive can be stored for years at little to no cost.  Even when such files have been deleted, they can be recovered months or years later using readily available forensic tools. When a person "deletes" a file in their storage media, the data contained in the file does not actually disappear; rather, that data remains on the medium until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space – that is - in space on the hard drive that is not allocated to an active file or that is unused after a file has been allocated to a set block of storage space – for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file. Similarly, files that have been viewed via the internet are automatically downloaded into a temporary internet directory or cache.  The browser typically maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed internet pages. Thus, the ability to retrieve residue of an electronic file from a hard drive depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer habits.

### Characteristics Common to People with a Sexual Interest in Children

23. Based upon my own knowledge, experience, and training in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the sexual exploitation of children via child pornography:

    a.    Individuals with a sexual interest in children receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

    b.    Individuals with a sexual interest in children collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals with a sexual interest in children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower, or "groom," the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

    c.    Individuals with a sexual interest in children almost always possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home, email account or in "virtual" storage, like in the iCloud or Dropbox.com. Individuals with a sexual interest in children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

        i)   "Child erotica," as used in this Affidavit, is defined as materials or items that

are sexually arousing to certain individuals but which are not in and of themselves obscene or do not necessarily depict minors in sexually explicit poses or positions. Such material may include non-sexually explicit photographs (such as minors depicted in undergarments in department store catalogs or advertising circulars), drawings, or sketches, written descriptions/stories, or journals.

d.   Likewise, individuals with a sexual interest in children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area or "virtual" storage. These collections are often maintained for several years and are kept close by, or remotely accessible, usually at, or via, the collector's residence, to enable the collector to view his collection, which is highly valued.

e.   Individuals with a sexual interest in children also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in sex with children or child pornography.

f.   Individuals with a sexual interest in children prefer not to be without their child pornography, or prohibited from its' access, for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

24.   Furthermore, based upon my training, knowledge and experience in investigations related to child exploitation and child pornography cases, I am aware that individuals who have a sexual interest in children will oftentimes utilize social media platforms such as Kik Messenger, ooVoo, Skype,

Twitter, Facebook, Craigslist and other online services to meet and communicate with minors. Individuals with a sexual interest in children know that social media allows for seemingly anonymous communication which they can then use to groom the minors to solicit illicit photos and/or set up meetings in order to sexually exploit them. Individuals who have a sexual interest in children will oftentimes have a collection of child pornography and will ask children to take and send naked images of themselves that would constitute child pornography as well as child erotica.

25. Based upon my own knowledge, experience and training related to child pornography and child exploitation investigations, I am aware that individuals who have a sexual interest in children who possess and/or distribute child pornography are often child pornography collectors. They often collect, or hoard, their images for the purposes of trading with others as a method of adding to their own collections. Furthermore, I know that individuals with a sexual interest in children and who are involved in the collection and distribution of child pornography also continue to obtain images of child pornography found elsewhere on the internet, such as in newsgroups and other websites, including via paid-subscription sites. Sometimes those "payments" are in the form of new, or bartered, images depicting the sexual exploitation of a child, as well as their own "trophy photos" of sexual conquests involving their own exploitation of children.

### Conclusion

26. Finally, based upon the conduct of individuals who have a sexual interest in children, who possess and collect child pornography, there is probable cause to believe that the evidence of the offense Possession of Child Pornography is currently contained within the SUBJECT PROPERTY. I believe based on the information obtained by SA Lee Erickson from Ms. Ana K. Astello, who observed her husband looking at child pornography on the SUBJECT PROPERTY, that there will be child pornography found on that device.

27. Based on the above information, there is probable cause to believe that there is evidence of a violation of 18 U.S.C. § 2252A, which makes it a crime to possess child pornography, contained within the SUBJECT PROPERTY.

Respectfully submitted,

_____
Santiago Luna, Jr.
Special Agent, HSI

Subscribed and sworn to telephonically this _____26_____ day of May, 2021

_____
The Honorable Andrew M. Edison
United States Magistrate Judge
Southern District of Texas

## ATTACHMENT "A"

## DESCRIPTION OF ITEMS TO BE SEARCHED

ITEM #1:

A black Western Digital (WD) external hard drive, bearing serial number WCAVU0214451, located at the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, Homeland Security Investigations, 601 Rosenberg Avenue, Suite #201, in Galveston, Texas 77550.

 

# ATTACHMENT "B"

## ITEMS TO BE SEARCHED FOR AND SEIZED

1. Evidence and contraband concerning the violation of Title 18, United States Code, Section 2252A, as follows:

   a. all files that depict digital photographs, videos and all visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(8), or pertaining to a sexual interest in children;

   b. saved data referring to, or including, email messages and/or accounts and their contents;

   c. saved data and/or files referring to the history of visited websites;

   d. stored or saved SMS/MMS messages and attached multimedia files;

   e. Cloud storage and backup files;

   f. Installed programs and/or applications;

   g. Files that have been "hidden," erased, compressed, password protected, coded or encrypted;

   h. Any deleted data.